14727

TOLLERSON v. ATLANTIC COAST LINE R. CO.

(198 S. E., 164)

68

72

*Mr. M. W. Seabrook,* for appellant,

*Messrs. Douglas McKay* and *J. A. Manning,* for respond-
ent,

July 20, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant brought action to recover damages of the respondent for the death of her son, caused by the alleged negligence, and willful, reckless and wanton conduct of the respondent. She claims damages for the loss of the services of her son, who was a minor, and for the loss of his companionship, for his contributions to her support, for the expenses of his funeral, and for other expenses necessarily incurred and paid by her, and for mental anguish.

The defendant demurred to the complaint on two grounds, to wit:

"1. That the plaintiff has not legal capacity to sue, since a suit for the recovery of any of the elements of damages set forth in said complaint, whether responsive to an action under Lord Campbell's Act, or under the Survival Statute, must be brought by the administrator or administratrix of deceased's estate.

"2. That several causes of action have been improperly united in said complaint, since the complaint attempts to set up elements of damages that are responsive to a cause of action under Lord Campbell's Act and to a cause of action under the Survival Statute, which causes of action cannot be joined."

The cause was heard by Circuit Judge Oxner, who sustained the demurrer in a well considered decree.

The plaintiff appeals upon six exceptions, the gravamen of all of them being that in this State a parent may maintain an action for the prospective services of a minor child until he reaches his majority, and for his funeral expenses and other expenses incident to his death, when that is caused by the willful act of another; that such action may be maintained under an exception to the ancient common-law rule against recovery of civil damages for a wrongful death.

In an able and ingenious argument, appellant's attorney urges his proposition. However, after careful consideration thereof, we are satisfied that Judge Oxner's decree is in accord with the fixed rule of this jurisdiction. Accordingly it is affirmed. Let it be reported.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.

MR. JUSTICE CARTER did not participate on account of illness.