**919**

Mae H. GREEN, Plaintiff,

v.

SOUTHERN RAILWAY COMPANY, a corporation, Defendant.

Civ. A. No. 70–938.

United States District Court,
D. South Carolina,
Greenville Division.

Dec. 2, 1970.

C. Ben Bowen, of Abrams, Bowen & Townes, Greenville, S. C., for plaintiff.

F. Dean Rainey, Jr., of Rainey, Fant & McKay, Greenville, S. C., for defendant.

1. "As a result of this collision, plaintiff's husband received severe injuries which resulted in his death. That due to the death of the plaintiff's husband, she has been, and will permanently be, deprived of his services, society and companionship."

2. Section 10–2593 of the South Carolina Code of Laws, 1962, as amended, pro-

ORDER

HEMPHILL, District Judge.

Defendant moved the court to strike from the Complaint the language [1] which, in essence, seeks recovery for loss of consortium. A brief survey of the facts reveals that plaintiff, as a passenger, and her husband, as the driver, were in a crossing collision involving defendant's train. The husband was killed, and this language is not directed toward recovery of loss of services (consortium) prior to his death but only those which are alleged to have occurred, and will occur, subsequent to his demise.

Defendant positions that all damages "due to the death of plaintiff's husband" can be recovered only in an action for wrongful death brought under Section 10–1951 et seq., Code of Laws of South Carolina 1962. Section 10–1954 of the Wrongful Death Act sets out the broad scope of damages recoverable thereunder. The South Carolina Supreme Court has repeatedly construed the damages recoverable to include "loss of companionship, and deprivation of the use and comfort of the intestate's society," and other such related losses. Mishoe v. Atlantic Coast Line, 186 S.C. 402, 197 S.E. 97; Gomillion v. Forsythe, 218 S.C. 211, 62 S.E.2d 297 (1950); Johnson v. C. & W. C. Ry. Co., 234 S.C. 448, 108 S.E.2d 777 (1959).

Defendant admits that damages of the nature sought by the allegations in question are recoverable under the Wrongful Death Act. The question is whether recovery under the Wrongful Death Act is an exclusive remedy?

Section 10–2593 [2] of the 1962 South Carolina Code, effective June 25, 1969,

vides: "*Action for damages for loss of companionship, etc., of spouse.*—Any person may maintain an action for damages arising from an intentional or tortious violation of the right to the companionship, aid, society and services of his or her spouse. Provided, that such action shall not include any damages recovered prior thereto by the injured spouse."

gives a statutory right to either spouse to maintain an action for damages "arising from an intentional or tortious violation of the right to the companionship, aid, society and services of his or her spouse." The obvious purpose of this statute is to extend to the wife the right to recover for loss of companionship, et cetera, of her husband which right existed in favor of the husband only under common law. There is no indication in the statute of an intent to go further than the common law and allow each spouse a right to recover for the wrongful death of the other spouse under this statute as well as under the Wrongful Death Act. Especially is this true since a complete remedy for the wrongful death already exists by virtue of the Wrongful Death Act.

An analogous situation involving an attempt by a parent to recover, independently of the Wrongful Death Act, for loss of services of a minor child due to its wrongful death, is treated by the South Carolina Supreme Court in Tollerson v. ACL, 188 S.C. 67, 198 S.E. 164 (1938):

> It is settled, as laid down in the principal case, notwithstanding the vigorous dissent of some eminent judges, that at the common law no action will lie for damages caused by the death of a human being, by the wrongful or negligent act of another, however close may be the relation between the deceased and the plaintiff, and however grievous the loss. * * Not only is there, without the aid of a statute, no civil remedy for the death itself, but no action will lie, for loss of service, etc., caused by the death, as is abundantly shown in the cases above cited. Where a child is disabled for a few days by the wrongful act or negligence of the defendant the father may recover for the loss of service; but if the child is killed by the injury, and the father is forever deprived of his services, he has no remedy.

Plaintiff, individually, cannot recover the loss of services due to the death of her husband in this action. The allegations would be prejudicial and should be stricken from the Complaint. This in no way preempts action under the Wrongful Death Statute. Motion to Strike granted.

And it is so ordered.