## 21144

Christopher WILLIAMS, a minor by G.A.L., Esborn Williams, Respondent, v. BORDON'S, INC., Appellant. Cinderella WILLIAMS, a minor by G.A.I., Esborn Williams, Respondent, v. BORDON'S, INC., Appellant.

(262 S. E. (2d) 881)

*W. Paul Cantrell, Jr.* of *Holmes, Thomson, Logan & Cantrell,* Charleston, *for appellant.*

*Jackson V. Gregory,* Walterboro, *for respondents.*

February 7, 1980.

*Per Curiam:*

This appeal involves (1) the constitutionality of Section 2-1-150, 1976 South Carolina Code of Laws, as amended, granting immunity from court appearances to lawyer-legislators during legislative sessions and committee meetings; and (2) whether appellant was entitled to a continuance because of the absence of its attorney while he was attending a Session of the South Carolina General Assembly.

Separate actions were brought by respondents in the then existing, but subsequently abolished, Civil and Criminal Court of Colleton County to recover damages allegedly sustained from eating a food product manufactured by appellant. Answers were filed by appellant in each case through its attorneys Holmes, Thomson, Logan & Cantrell of Charleston, South Carolina, with Mr. Cantrell, a member of the South Carolina General Assembly, handling the matter for that firm. The case was subsequently set for trial and appellant's counsel notified. A request by appellant's counsel for a continuance, because of the claimed necessity for his appearances at Sessions of the General Assembly, was denied. The cases were consolidated and proceeded to trial in the absence of appellant or its counsel, resulting in a verdict for respondents in each case. This appeal seeks a new trial solely upon the ground that error was committed by the trial judge in denying appellant's request for a continuance.

In deciding the present issue, we must first determine the proper basis for the assertion by a lawyer-legislator of immunity from court appearances, where it is claimed that the court appearance conflicts with the performance of legislative duties, *i. e.*, whether the continuance must be granted as a matter of right or is within the discretion of the trial judge.

Appellant's counsel contends that he was entitled to the continuance in this case as a matter of right and relies upon

Code Section 2-1-150, which, as originally adopted in 1971, granted absolute immunity to lawyer-legislators from court appearances during legislative sessions and, at any other time, to attend legislative committee meetings. Section 2-1-150 was amended at the 1979 Session of the General Assembly (Act No. 178), effective August 1, 1979, which was subsequent to the decision from which this appeal arises, but prior to the filing of the briefs herein. Since appellant relies upon the amended version of Section 2-1-150, we confine our consideration to its provisions. The section now states:

Notwithstanding any other provisions of law or rule of court, no member of the General Assembly shall be required to appear in court as an attorney, who is the attorney of record, witness or otherwise during any regular legislative day, on any day in which the General Assembly is in special session, or on any other day when any legislator is required to attend any official legislative committee meeting. During the same period no case in which a member of the General Assembly is listed as an attorney of record shall be stricken from the calendar because such member of the General Assembly failed to appear for trial at the time designated by the court.

Notwithstanding the foregoing, the right to a continuance, where such continuance is based upon an attorney in such case being a member of the legislature, shall be a matter of right except in the following situations and under the following circumstances, and none other, to wit:

(1) where litigation involves emergency relief and irreparable damage;

(2) where such attorney has previously been granted continuances for the same case for a period greater than one hundred eighty days; or

(3) in a criminal case where the client is incarcerated unless the defendant shall give his written consent to the continuance.

This section shall not affect or deny any other rights which a legislator may have to be excused from court appearances or appearances before administrative bodies or commissions provided by other provisions of law.

The foregoing statute is couched in mandatory terms and is, in effect, an assertion by the General Assembly of the power to determine when, and under what circumstances, litigants may have access to the adjudicative power of the courts, where a lawyer-legislator is involved.

It has long been the rule in this State that motions for a continuance are addressed to the sound discretion of the trial judge, and his ruling will not be upset unless it clearly appears that there was an abuse of discretion to the prejudice of appellant. *South Carolina Public Service Authority v. Carolina Power and Light Company,* 244 S. C. 466, 137 S. E. (2d) 507; *State v. Lytchfield,* 230 S. C. 405, 95 S. E. (2d) 857.

The authority of the court to grant continuances and to determine the order in which cases shall be heard is derived from its power to hear and decide cases. This adjudicative power of the court carries with it the inherent power to control the order of its business to safeguard the rights of litigants. *Waites v. Sondock, Tex.,* 561 S. W. (2d) 772; 17 Am. Jur. (2d), Continuance, Section 2.

Respondent attacks the constitutionality of Section 2-1-150 on the ground, among others, that the attempt by the General Assembly to deprive the courts of the discretionary power to grant or deny continuances violates the doctrine of separation of powers, as set forth in Article 1, Section 8, of the South Carolina Constitution, which states:

In the government of this State, the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other.

As stated in *Carolina Glass Co. v. State*, 87 S. C. 270, 69 S. E. 391, the foregoing language "is as strong as it is simple and clear. The Legislature therefore cannot assume to itself the exercise of judicial powers."

The judicial power is vested, under Article 5, Section 1, of the Constitution of this State, in the unified judicial system. The authority to determine whether a continuance should be granted or denied is inherent in the exercise of this judicial power, and cannot be exercised by the legislative branch of the government. Therefore, Code Section 2-1-150, in so far as it attempts to exercise the ultimate authority to determine when, and under what circumstances, lawyer-legislators may be exempt from court appearances, is unconstitutional as violative of the principle of separation of powers.

■ However, the power of the court to grant or deny legislative continuance is not unlimited but must be exercised in recognition of the right of members of the General Assembly to perform their legislative duties. A member of the General Assembly is required to attend sessions of that body, and a good-faith request by a lawyer-legislator for a continuance to attend legislative sessions cannot be arbitrarily denied.

■ In determining the right to a continuance, the nature of the rights and public interest involved must be considered, and the effect of the delay upon the exercise of these rights or the protection of the public interest.

■ This case is a civil action for damages. We think, as a general rule, a request for a continuance in a civil case because of counsel's legislative duties should be granted, when timely requested and made in good faith, unless a substantial right of the parties to the legislation will be defeated or abridged by the delay. The statute in question properly recognizes that there is no right to a legislative continuance "where litigation involves emergency relief and irreparable damage."

The record in this case presents no unusual circumstances. There was no request for emergency relief and no showing that any right of the litigants would be adversely affected. The request for a continuance was for only a short period of time and based upon the importance of the legislator attending sessions during consideration of the State Appropriation Bill.

The refusal to grant the requested continuance in this case constituted a clear case of abuse of discretion; and the judgments under appeal are, accordingly, reversed and the cases remanded for a new trial.