616 S.E.2d 705

**Sharon BROWN, Administratrix of the Estate of Ronnie Lee Brown, Appellant,**

**v.**

**Suzanne E. COE, Respondent.**

Supreme Court of South Carolina.

July 7, 2005.

138

## ORDER

Respondent moves to dismiss this appeal on the ground that the notice of appeal was served and filed by appellant, who is not a lawyer, in violation of S.C.Code Ann. § 40-5-310 (2001). Appellant has filed a return in opposition to the motion, arguing that she properly served the notice of appeal. She notes that she has filed two prior appeals on behalf of the estate in the Court of Appeals, one of them being a prior appeal in this case. In addition, she previously represented the estate before this Court. She argues there is no South Carolina law prohibiting her from representing the estate.

Appellant argues further that she and Ronnie Lee Brown have the same biological mother and father and that they agreed to her being the personal representative of the estate. Appellant states further that her father passed away a few years ago and she and her mother are the only heirs to Ronnie's estate.

The South Carolina Constitution provides this Court with the duty to regulate the practice of law in this state. S.C. Const. art. V, § 4; *see also* S.C.Code Ann. § 40-5-10 (2001). South Carolina, like other jurisdictions, limits the practice of law to licensed attorneys. *In re Lexington County Transfer Court*, 334 S.C. 47, 512 S.E.2d 791 (1999). "No person may practice or solicit the cause of another in a court of this State unless he has been admitted and sworn as an attorney." S.C.Code Ann. § 40-5-310 (2001). The generally understood definition of the practice of law embraces the preparation of pleadings, and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts. *Doe v. McMaster*, 355 S.C. 306, 585 S.E.2d 773 (2003); *State v. Despain*, 319 S.C. 317, 460 S.E.2d 576 (1995); *In re Duncan*, 83 S.C. 186, 65 S.E. 210 (1909).

"The adjudicative power of the Court carries with it the inherent power to control the order of its business to safeguard the rights of litigants." *Renaissance Enters., Inc. v. Summit Teleservices, Inc.*, 334 S.C. 649, 651, 515 S.E.2d 257, 258 (1999) (citing *Williams v. Bordon's, Inc.*, 274 S.C. 275, 262 S.E.2d 881 (1980)). "The goal of the prohibition against the unauthorized practice of law is to protect the public from incompetent, unethical, or irresponsible representations." *Id.*

The Court has held that non-attorneys may not prepare legal documents for others to present in family court when such preparation involves the giving of advice, consultation, explanation, or recommendations on matters of law. *State v. Despain, supra*. The Court noted its holding was for the protection of the public from the potentially severe economic and emotional consequences which may flow from the erroneous preparation of legal documents or the inaccurate legal advice given by persons untrained in the law.

The Court has also held that non-attorneys cannot negotiate guilty pleas on behalf of a party or represent a party in a guilty plea. *In re Lexington County Transfer Court, supra.*

In *State v. Wells*, 191 S.C. 468, 5 S.E.2d 181 (1939), this Court held that a corporation must act through licensed attorneys in legal matters. That holding was modified in *In re Unauthorized Practice of Law*, 309 S.C. 304, 422 S.E.2d 123 (1992), in which the Court held a non-lawyer, officer, agent, or employee may represent a business entity pursuant to S.C.Code Ann. § 40-5-80 (1986) in civil magistrate's court proceedings.[1] The Court stated further that the magistrate shall require a written authorization from the entity's president, chairperson, general partner, owner or chief executive officer. Finally, in *Renaissance Enters., Inc. v. Summit Teleservices, Inc., supra,* the Court held a non-lawyer cannot represent a corporation in circuit or appellate courts and once again held that a corporation may appear *pro se* only in magistrate's court.

However, appellant is correct that this Court has never specifically addressed whether a nonlawyer executor or personal representative can represent an estate in matters such as this appeal. Courts that have addressed the issue have concluded such conduct constitutes the unauthorized practice of law. *Ex parte Ghafary*, 738 So.2d 778 (Ala.1998) (relying on a statute which states only persons who are regularly licensed may practice law and its prior holdings that a person must be a licensed attorney to represent a corporation, the Alabama Supreme Court held a nonlawyer executrix could not represent the interests of an estate, a separate legal entity with interests other than her own, in a wrongful death action); *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002) (holding administrators or other fiduciaries cannot proceed *pro se* in

---

1. At that time, § 40-5-80 stated the following:

This chapter shall not be construed so as to prevent a citizen from prosecuting or defending his own cause, if he so desires, or the cause of another, with leave of the court first had and obtained; *provided,* that he declare on oath, if required, that he neither has accepted nor will accept or take any fee, gratuity or reward on account of such prosecution or defense or for any other matter relating to the cause. The statute was amended, effective June 5, 2002, to state, "This chapter may not be construed so as to prevent a citizen from prosecuting or defending his own cause."

their representative capacity and that filing of *pro se* complaint by administrators of estate in a wrongful death action constituted the unauthorized practice of law); *Ratcliffe v. Apantaku*, 318 Ill.App.3d 621, 252 Ill.Dec. 305, 742 N.E.2d 843 (2000) (holding that a nonlawyer personal representative could not represent the legal interest of the decedent's estate in a *pro se* capacity in a wrongful death action); *State v. Simanonok*, 539 A.2d 211 (Me.1988) (holding nonlawyer personal representative cannot represent estate in court because practice of law reserved to persons who have established their qualifications therefore by admission to the bar); *Waite v. Carpenter*, 1 Neb.App. 321, 496 N.W.2d 1 (1992)(holding nonlawyer personal representative who filed complaint on behalf of estate in wrongful death action violated statute stating no person shall practice law in a proceeding in which he is not a party unless admitted to the bar); *Kasharian v. Wilentz*, 93 N.J.Super. 479, 226 A.2d 437 (.App.Div.1967)(holding wrongful death action brought by nonlawyer administrator on behalf of estate was required to be brought and appealed by a lawyer; "nominal representatives or even active fiduciaries of the persons in beneficial interest, not themselves lawyers, should not be permitted to conduct legal proceedings in court involving the rights or liabilities of such persons without representation by attorneys duly qualified to practice law."); *State ex rel. Baker v. County Court of Rock County*, 29 Wis.2d 1, 138 N.W.2d 162 (1965)(denying petition of nonlawyer executor of estate to compel lower court to consider and act on petitions presented by executor on ground that presentation of probate matters to court for adjudication, when done in behalf of another, is the practice of law; "an executor's appearance in the conduct of a probate proceeding is not to be deemed the mere appearance of an individual in his own behalf, but is also a representation of others, and therefore an executor not licensed to practice law must appear by an attorney."); *see also State Bar Ass'n of Conn. v. Conn. Bank and Trust Co.*, 146 Conn. 556, 153 A.2d 453 (1959) (holding banks serving as executors or administrators of estates could not be represented in probate court by employees not licensed to practice law); *In re Brainard*, 55 Idaho 153, 39 P.2d 769 (1934) (holding preparation and filing of papers in connection with probate matters constitutes practice of law and must be performed by

person admitted to practice law); *In re Otterness*, 181 Minn. 254, 232 N.W. 318 (1930) (holding executors, administrators and guardians are not authorized to conduct proceedings in probate except in matters where his personal rights as representative are concerned, as, for instance, where his account as representative is in question or misconduct is charged against him as representative); *Ferris v. Snively*, 172 Wash. 167, 19 P.2d 942 (1933) (holding appearance on behalf of others in court in probate proceedings constitutes practice of law).

■ The same holds true in this state. In the case at hand, the filing of a notice of appeal on behalf of the estate and preparation of briefs that will be required to further perfect this appeal clearly constitutes the practice of law as defined by this Court. Section 40–5–310 prohibits appellant who, while the administratrix of the estate, is not a lawyer, from taking such actions on behalf of the estate because the estate is a separate legal entity with interests other than Ms. Brown's alone. Moreover, the further reasoning employed by this Court in previous opinions, that such a prohibition is necessary to protect the public from representation by those unlearned in the law, also applies to the situation at hand, as noted by many of the courts cited above.

In addressing appellant's argument that she has represented the estate previously in matters before the Court of Appeals and this Court, we note that this issue was never raised in those cases; therefore, they do not serve as precedent for the issue in this case. *Renaissance Enters., Inc., supra.* Finally, appellant's argument that she and Ronnie have the same parents and that the parents agreed to her being the personal representative of Ronnie's estate is also without merit. While they may have agreed to her being the personal representative of the estate, she does not state that they agreed to her representing the estate, nor could they given the provisions of section 40–5–310. Accordingly, for the reasons set forth above, we find that appellant, because she is not admitted to the practice of law, cannot represent the estate in court as administratrix of the estate.

Respondent argues that because appellant is prohibited from representing the estate, a proper notice of appeal has

never been served and filed in this case. Accordingly, she contends the appeal should be dismissed.

As noted by the Supreme Court of Arkansas in *Davenport, supra*, there is a split of authority as to whether the unauthorized practice of law renders a proceeding a nullity or merely amounts to an amendable defect. The court in *Davenport* followed the line of cases that, finding paramount the importance of protecting the public from those not trained or licensed to practice law, have concluded the unauthorized practice of law results in a nullity.

> In light of our duty to ensure that parties are represented by people knowledgeable and trained in the law, we cannot say that the unauthorized practice of law simply results in an amendable defect. Where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions such as the filing of pleadings, are rendered a nullity.

*Davenport*, 72 S.W.3d at 94; *see also Ex parte Ghafary, supra* (holding that an attempt by a nonlawyer executrix, acting *pro se* to represent the interest of an estate in a wrongful death action constituted the unauthorized practice of law, and as such, the *pro se* complaint was a nullity); *Waite, supra* (finding Waite's violations of the statutory prohibition against the unauthorized practice of law flagrant and persistent and holding that if the lower court and the appellate court were to allow Waite additional time to retain counsel instead of dismissing the action, Waite would have engaged in the unauthorized practice of law to the possible detriment of the heirs, the defendants, and the courts with complete impunity).

Other jurisdictions have found that the interests of the individuals represented by the personal representative call for giving the personal representative an opportunity to retain counsel rather than summarily dismissing the complaint or appeal. *See Kasharian, supra* (holding that the fact that there had been no previous case addressing the issue, that retained counsel would presumably file a brief and appendix in compliance with court rules, and that administrator's failure to file proper papers was due to his ignorance of the law and

144

legal procedure warranted giving him the opportunity to retain counsel instead of dismissing the appeal).

■ Based on the facts and circumstances of this case, we deny the motion to dismiss the appeal and allow appellant a reasonable amount of time to retain counsel to continue with the appeal. We base our decision on the fact that appellant has represented the estate in three previous appellate proceedings, leading her to believe that such was acceptable. As in *Kasharian, supra,* there has been no previous case addressing this issue. Moreover, in *Renaissance Enters., Inc., supra,* a case in which the shareholder of a corporation filed the notice of appeal and the Court of Appeals informed him a lawyer would have to be hired to represent the corporation, this Court, after determining the shareholder could not represent the corporation, remanded the case to the Court of Appeals for further proceedings consistent with its opinion, which presumably included retaining counsel to represent the corporation. We grant appellant the same opportunity.

Appellant shall, within thirty days of the date of this order, provide the Court with the name of the attorney who will be representing her in this matter. Failure to provide this information within the time allotted will result in this appeal being dismissed.

IT IS SO ORDERED.

s/ Jean H. Toal, C.J.,
s/ James E. Moore, J.
s/ John H. Waller, Jr., J.
s/ E.C. Burnett, III, J.
s/ Costa M. Pleicones, J.