THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James H. Dickey, Individually, and as Personal Representative for the Estate of Ruth S. Dickey, Deceased, Plaintiff,
 Of Whom James H. Dickey, Individually is Appellant,
 
 
 

v.

 
 
 
 Clarke Nursing Home, Cooke Associates of Florence, Inc., Carolinas Hospital System, and Does A-Z, Defendants,
 Of Whom Carolinas Hospital System is the Respondent.
 
 
 

Appeal From Florence County
 John M. Milling, Circuit Court Judge

 Unpublished Opinion No. 2007-UP-098
Submitted February 1, 2007  Filed February 23, 2007

AFFIRMED

 
 
 
 James H. Dickey, of Charlotte, Pro Se.
 Marian W. Scalise, Charles E. Carpenter, Jr. and Carmen V. Ganjehsani, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  James Dickey appeals the trial courts grant of summary judgment on his wrongful death, negligence, and breach of contract causes of action.  We affirm.
FACTS
From April 2001 to June 2002, Dickeys diabetic mother resided at Clarke Nursing Home (the Nursing Home).  In April and May 2002, his mother was repeatedly admitted to Carolinas Hospital System (the Hospital).  From May 31, 2002 until she was discharged on June 24, 2002, the Hospital treated Dickeys mother for foot sores.  Prior to her discharge, the Hospital called Dickey and requested his permission to amputate her feet, which he granted.  Dickeys mother died in June 2003.[1]  
On June 30, 2005, Dickey, both in his individual capacity and as personal representative (PR) of his mothers estate, filed a complaint against the Nursing Home, Cooke Associates of Florence, Inc.,[2] the Hospital, and DOES A-Z.[3]  Dickey alleged: (1) professional and medical negligence; (2) gross professional and medical negligence; (3) wrongful death; and (4) breach of contract.[4]  
In his complaint, Dickey maintained the Nursing Home, despite knowing his mother was diabetic, transported her in a wheelchair without foot guards or footwear protection.  Dickey alleged that because of this practice, she developed ulcers on her feet and heels.  These ulcers became infected and resulted in her untimely death.  
Dickey also asserted the Hospital failed to conduct a timely and adequate medical assessment, evaluation, and treatment of his mother.  He further alleged the Hospital failed to provide an accurate report of her medical condition.  Dickey contended the Hospitals inaction resulted in delayed diagnosis and improper medical evaluation and treatment, all of which contributed to the rapid decline of his mothers health and ultimately her death.  Further, Dickey asserted the Hospital intentionally covered up facts, which if revealed, would prove the Nursing Home negligently treated his mother.  
On July 13, 2005, the Hospital answered and filed a motion for summary judgment, claiming the statute of limitations barred the claims.  The Hospital asserted Dickeys mother last received medical care at its facility on June 24, 2002, but Dickey commenced the suit over three years later on June 30, 2005.  
On September 20, 2005, the trial court held a hearing on the Hospitals motion for summary judgment.  The trial court found the date that the Hospital informed Dickey his mother needed an amputation was the date that a reasonable person would be on notice that a potential claim existed.  Dickey could not recall the exact date that the Hospital informed him his mother needed an amputation.  Therefore, the trial court set the date beginning the statute of limitations no later than June 24, 2002, the date of her last discharge.  Accordingly, the statute of limitations expired no later than June 24, 2005, six days before Dickey filed the complaint.  
On September 27, 2005, after the summary judgment hearing, the South Carolina Bar placed Dickey on interim suspension for an unrelated matter.[5]  On November 7, 2005, Dickey filed a Rule 59(e), SCRCP, motion for reconsideration regarding the summary judgment motion.  In ruling on the motion for reconsideration, the trial court found Dickey was authorized to file the complaint in his individual capacity, but he was not authorized to file it on behalf of the estate due to his suspension.  See Brown v. Coe, 365 S.C. 137, 142, 616 S.E.2d 705, 708 (2005) (holding because an estate is a separate legal entity from the individual named as PR, a PR who is not a lawyer cannot represent an estate in court).  Because his license was suspended, his attempt to file the motion on behalf of his mothers estate was tantamount to the unauthorized practice of law. See S.C. Code Ann. § 40-5-310 (Supp. 2005).  Therefore, the trial court considered the order only as to Dickey in his individual capacity and denied the motion.  In his individual capacity, Dickey appealed the trial courts decision. 
STANDARD OF REVIEW
The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder.  George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).  When reviewing the grant of a summary judgment motion, this Court applies the same standard which governs the trial court under Rule 56(c), SCRCP.  Under this rule, summary judgment is proper when no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  
In determining whether a triable issue of fact exists, the evidence and all factual inferences drawn from it must be viewed in the light most favorable to the nonmoving party.  Sauner v. Pub. Serv. Auth. of South Carolina, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003).  If evidentiary facts are not disputed, but the conclusions or inferences to be drawn from them are disputed, summary judgment should be denied.  Baugus v. Wessinger, 303 S.C. 412, 415, 401 S.E.2d 169, 171 (1991).  Summary judgment is not appropriate when further inquiry into the facts of the case is desirable to clarify the application of law.  Tupper v. Dorchester County, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997).
LAW/ANALYSIS
Dickey assigns several points of error to the trial courts grant of the Hospitals motion for summary judgment based on the statute of limitations.  In response, the Hospital contends that Dickey, in his individual capacity, cannot pursue these causes of action.  We agree with the Hospital.  
At the trial level, Dickey asserted claims for wrongful death, negligence, gross negligence, and breach of contract.  We address each claim in turn. 
I. Wrongful Death
The wrongful death statute provides a remedy for the spouse, child, parent, or heir of an injured party when a person commits a wrongful or negligent act causing the injured partys death.  S.C. Code Ann. §§ 15-51-10, 15-51-20 (Supp. 2005).  Any recovery directly benefits the individual rather than the decedents general estate.  Lester v. McFaddon, 415 F.2d 1101, 1103 (4th Cir. 1969).  However, any recovery under this cause of action constitutes the individuals complete remedy.  See Banks v. Med. Univ. of S.C., 314 S.C. 376, 380, 444 S.E.2d 519, 521 (1994) (holding that if a mother brings a claim in her individual capacity for her decedent child, the wrongful death statute is her exclusive remedy); Green v. S. Ry. Co., 319 F. Supp. 919, 919-20 (D.S.C. 1970) (holding recovery under the wrongful death statute is the exclusive remedy for an individual).  Therefore, Dickeys only vehicle to recover for his mothers death is under the wrongful death statute.  
Although the wrongful death statute is the only avenue of recovery for Dickey as an individual, such an action inheres only in the PR, and the statutory beneficiaries cannot proceed in their individual capacity.  Lester, 415 F.2d at 1103.  Under the statute, the right of action for wrongful death is purely statutory and . . . may be brought only by the executor or administrator of such deceased person.  Glenn v. E. I. DuPont De Nemours & Co., 254 S.C. 128, 133, 174 S.E.2d 155, 157 (1970) (citing Lilly v. Charlotte, C. & A. R. Co., 32 S.C. 142, 10 S.E. 932 (1890)); see S.C. Code Ann. § 15-51-20 (Supp. 2005) (Every [wrongful death] action shall be brought by or in the name of the executor or administrator of such person.).  
While a non-lawyer PR may administer the affairs of an estate and maintain an action on the estates behalf, a PR must be a lawyer if the PR intends to represent the estate in court.  Brown, 365 S.C. at 141, 616 S.E.2d at 708.  Because the estate is a separate legal entity, only a lawyer can represent the interests of the estate and its beneficiaries in court.  Id. at 142, 616 S.E.2d at 708 (holding the filing of a notice of appeal on behalf of the estate and preparation of briefs . . . clearly constitutes the practice of law).  
Consequently, Dickeys appeal on the wrongful death claim in his individual capacity cannot succeed.  If an action for wrongful death is instituted by one other than the PR of a decedent, the trial court should dismiss the action.  Glenn, 254 S.C. at 134, 174 S.E.2d at 158.  Although Dickey could have potentially recovered as an individual under the wrongful death statute if he, as PR, brought the action and a licensed lawyer represented the estate in court, he failed to do so.  Therefore, the trial court properly dismissed this claim. 
II.  Negligence and Gross Negligence
Dickeys claims for negligence and gross negligence arise out of the same alleged malfeasance as that alleged for wrongful death.  As explained above, wrongful death is the only remedy for an individual.  While as PR he may have had a potential claim for negligence under the survival statute, Dickey has appealed only in his individual capacity.  See Banks, 314 S.C. at 381 n.5, 444 S.E.2d at 522 n.5 (citing S.C. Code Ann. § 15-5-90 (2005)) (Although . . . wrongful death is [decedents mothers] exclusive remedy [in her individual capacity], the battery cause of action may be maintained by [the mother] in her representative capacity for [decedent] under the survival statute.).  Consequently, the trial court did not err when it dismissed these claims.
III. Breach of Contract
Dickeys appeal is unclear as to whether the breach of contract cause of action pertains to the Hospital.  Upon review of the complaint, the alleged breach of contract seems aimed only at the Nursing Home, and the appeal before this Court concerns only the Hospital.  
Even if the breach of contract claim pertains to the Hospital, Dickey has appealed only in his individual capacity.  Dickey does not specifically assert that he had a contract with the Hospital nor does he provide such a contract.  Generally, a third person not in privity of contract with the contracting parties does not have a right to enforce the contract.  Wogan v. Kunze, 366 S.C. 583, 604, 623 S.E.2d 107, 118 (Ct. App. 2005).  While his mother may have had a contract with the Hospital, Dickey in his individual capacity cannot enforce such a contract, and thus, he has no cause of action for breach of contract.  
On appeal, the Hospital primarily argues that this Court should affirm the trial court based on the expiration of the statute of limitations.  The Hospital further supports its position by arguing that Dickey, in his personal capacity, is not entitled to maintain the current action.  See IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000) ([A] respondent . . . may raise . . . any additional reasons the appellate court should affirm the lower courts ruling, regardless of whether those reasons have been presented to or ruled on by the lower court.).  Because this Court has the discretion to affirm on any ground in the record, we decline to address Dickeys arguments regarding the statute of limitations. See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive); see also Rule 220(c), SCACR (The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.).
CONCLUSION
The wrongful death statute provides an individuals only avenue of recovery for wrongful or negligent acts which cause anothers death.  Further, a duly appointed PR must institute a wrongful death action on behalf of the estate, and a licensed lawyer must represent the estate in court.  Since Dickey appealed the trial courts decision only in his individual capacity, he cannot maintain this appeal.   Accordingly, the trial courts decision is
AFFIRMED.[6]  
HUFF, BEATTY, AND WILLIAMS, JJ., concur.

[1] Neither the Record on Appeal nor the briefs contain the exact date or cause of death.
[2] Dickey asserts that Cooke Associates of Florence, Inc. is another name for the Nursing Home.  
[3] In his complaint, Dickey explained that he did not know the identity of some defendants in this matter, and thus, he gave the unknown defendants the name DOES A-Z.  Dickey stated he would make a motion to amend his complaint when the true capacity, identity, or names of these [d]efendants has been ascertained.  
[4] Dickey was a licensed South Carolina attorney at the time of the filing and represented himself and the estate.  
[5] In re Dickey, 366 S.C. 18, 620 S.E.2d 332 (2005).  
[6] We decide this case without oral argument pursuant to Rule 215, SCACR.