# In the Iowa Supreme Court

No. 24–1380

Submitted November 12, 2025—Filed May 22, 2026

**Patrick Willhoite,** individually and as the administrator of the **Estate of Margaret Ruth Willhoite** and as the executor of the **Estate of Michael Willhoite,** and **Jessie Gafeller,**

Appellants,

vs.

**Genesis Health System, Dean A. Bunting, Joseph M. Phelan, Radiology Group, P.C., S.C., Steven D. Lamer, Tenille M. Miller,**

Appellees,

Appeal from the Iowa District Court for Scott County, Jeffrey C. McDaniel, judge.

Two estates and two individuals appeal the dismissal of their medical malpractice suit for failure to comply with Iowa Code section 147.140. The defendants seek dismissal of the estates' appeal because of defects in the filing of the notice of appeal. **Motion to Dismiss Appeal Denied; District Court Judgment Affirmed.**

May, J., delivered the opinion of the court as to parts I, II, and IV, in which all participating justices joined, and announced the judgment of the court as to part III. As to part III, Christensen, C.J., and McDonald and May, JJ., would affirm; Mansfield, Oxley, and McDermott, JJ., would reverse. Waterman, J., took no part in the consideration or decision of the case.

Matthew G. Sease of Sease & Wadding, Des Moines, for appellants.

Connie L. Diekema, Jeffrey R. Kappelman, and Peter R. Lapointe of Finley Law Firm, Des Moines, for appellee Lamer.

Christine L. Conover, Carrie L. Thompson, and Dawn M. Gibson of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellees Phelan and Radiology Group, P.C., S.C.

Jennifer E. Rinden and Graham R. Carl of Shuttleworth & Ingersoll, PLC, Cedar Rapids, for appellee Bunting.

Frederick T. Harris, Ryan P. Tunink, and Andrew C. Johnson of Lamson Dugan & Murray, LLP, West Des Moines, and John E. Hall, Jr., of Hall Booth Smith, P.C., Atlanta, GA, for appellees Miller and Genesis Health System.

**May, Justice.**

Two estates and two individuals appeal the dismissal of their wrongful-death medical malpractice suit. Our court must resolve two questions:

1. Should we dismiss the estates' appeal because a non-attorney—who is the executor for one estate and the administrator for the other—signed and filed the estates' notice of appeal?

2. Was the district court correct to dismiss the suit based on the plaintiffs' failure to comply with Iowa Code section 147.140 (2020), our certificate of merit affidavit statute?

We answer those questions as follows:

1. We unanimously agree that the estates' appeal should not be dismissed.

2. We are divided 3–3 as to whether the district court should have dismissed the suit. Therefore, the dismissal is affirmed by operation of law. Iowa Code § 602.4107 (2026); *Juckette v. Iowa Utils. Bd.*, 992 N.W.2d 218, 222 (Iowa 2023).

**I. Factual and Procedural Background.**

We start with facts alleged in the petition. In July 2016, Margaret Willhoite was injured in a motor vehicle accident. She sought treatment at Genesis Medical Center. She received an X-ray to determine whether there were any broken ribs. Although the X-ray was negative for fractures, it indicated a nodule in her left lung. And her medical records noted that she should receive a computerized tomography (CT) scan of her chest to investigate the nodule. But no CT scan was ordered or conducted. Margaret was released.

In March 2018, Margaret suffered a fracture to her left femur. She received care at a different hospital. This time, a CT scan was performed. The scan

revealed tumors in her left lung, left femur, left adrenal gland, and right scapula. She was diagnosed with cancer. In May, she passed away as a result of the cancer.

**A. This Suit.** In January 2020, a team of lawyers filed this wrongful-death medical malpractice suit against Genesis Medical Center and several providers who cared for Margaret following her July 2016 accident. We refer to the defendants collectively as "Genesis."

The original plaintiffs in the suit were Margaret's husband, Michael Willhoite, in his individual capacity; Michael, as the executor for Margaret's estate; Patrick Willhoite, Margaret's son; and Jessie Gafeller, Margaret's daughter.

The legal team that filed the suit was made up of lawyers from two law firms: Trial Lawyers for Justice, PC, and Hinshaw & Humke, PC. Attorneys with these firms appeared on the plaintiffs' behalf throughout the entirety of the suit. While some of their lawyers sought and received leave to withdraw, other lawyers never did. For instance, in May 2024—about two months before the case was dismissed—one of the lawyers (Jon Specht) sought and was granted leave to withdraw because he was ending his employment with Trial Lawyers for Justice. But the lawyer's motion assured the court that several other lawyers—"Nicholas Rowley, Dominic Pechota, Karen Zahka, [and] Barrie Duchesneau" from Trial Lawyers for Justice, and Mark Hinshaw, a named partner at Hinshaw & Humke—"will remain as counsel for the plaintiffs." And, indeed, it appears that those lawyers did represent the plaintiffs to the end. The very last filing before dismissal was a joint motion to amend a deadline. That motion was filed on July 12—just two weeks before the case was dismissed. In the motion's signature block, the plaintiffs' attorneys were identified as follows:

TRIAL LAWYERS FOR JUSTICE, PC

/s/ Barrie Duchesneau
By: Barrie Duchesneau AT0015198
421 W. Water Street, Third Floor
Decorah, IA 52101
(563) 382-5071  Fax: (888) 801-3616
nick@tl4j.com
dominic@tl4j.com
karen@tl4j.com
barrie@tl4j.com

Mark R. Hinshaw
Hinshaw & Humke, PC
1200 Valley West Drive, Suite 208
West Des Moines, IA 50266
(515) 222-1410  Fax: (515) 222-1408
mark@hawkeyedivorce.com

ATTORNEYS FOR PLAINTIFFS

**B. Certificates.** We return now to the start of the case. The petition was filed in January 2020, and the defendants answered in February and March. These answers started sixty-day clocks for the plaintiffs to serve certificate of merit affidavits under Iowa Code section 147.140 (2020). The plaintiffs timely served certificates in March, April, and May.

Each certificate was entitled, "Certificate of Merit Affidavit of [a particular expert]." Each certificate opened by stating, "In compliance with Iowa Code § 147.140, [the expert], does hereby affirm and state as follows: . . . ." Each certificate was dated and signed by a certifying expert. But none of the certificates included a notary stamp or jurat. And none of the certificates included a statement that it was signed under penalty of perjury.

**C. Substitution.** Michael passed away in June 2021. Patrick was then appointed as the executor of Michael's estate as well as the administrator of Margaret's estate. The court granted an unresisted motion to make appropriate substitutions among the plaintiffs. Going forward, the plaintiffs in the suit were

Patrick, individually; Patrick, as the administrator of Margaret's estate; Patrick, as the executor of Michael's estate; and Jessie Gafeller, individually.

**D. Motion to Dismiss.** Discovery continued into 2024. After multiple continuances, trial was scheduled for September 9, 2024. Under the trial scheduling plan, the dispositive motion deadline was sixty days before trial. That was July 11.

In May, this court issued our opinion in *Miller v. Catholic Health Initiatives-Iowa, Corp.*, 7 N.W.3d 367 (Iowa 2024). *Miller* held that an expert's unsworn letter did not fulfill section 147.140's "affidavit" requirement. *Id.* at 374.

In response to *Miller*, Genesis filed a motion to dismiss in June. Genesis noted that the plaintiffs' 2020 certificates did not "contain a jurat demonstrating that an oath or affirmation was properly conducted on each of the expert witnesses." "Nor [were the] certificates of merit signed under penalty of perjury pursuant to Iowa Code section 622.1," Genesis observed. Therefore, Genesis argued, the plaintiffs' certificates did not comply with section 147.140's "affidavit" requirement as interpreted in *Miller*.

The plaintiffs resisted. Their primary argument was that their 2020 certificates were indeed adequate under section 147.140. As support, the plaintiffs filed new statements that were signed by their experts "under penalty of perjury." In these new statements, the experts explained that when they signed the original 2020 certificates, they believed that they were signing under penalty of perjury then as well. The plaintiffs made it clear, however, that these new statements were "in no way amendments to the timely filed" 2020 certificates, but rather "a confirmation to eliminate any purported lack of clarity that they were signed by the experts with the express understanding they were under the pains and penalties of perjury." The plaintiffs also raised other arguments,

including a claim that Genesis had waived or was estopped from asserting any attack on the 2020 certificates.

On July 30, the district court granted Genesis's motion to dismiss with prejudice.

**E. The Notices of Appeal.** On August 28, Patrick Willhoite filed a document entitled "Pro Se Appearance" that was purportedly made "for and on behalf of the Plaintiffs." The same day, Patrick filed a notice of appeal on behalf of the plaintiffs, each of whom was identified as an appealing party. The notice included this signature block:

Patrick Willhoite
1999 Keener Rd.
Muscatine, IA 52761
Phone: 563-299-0241
Email: willhoitepatrick@yahoo.com
*Pro Se Attorney*

The next day, August 29, a single justice of our court entered a sua sponte order. The order observed that "the notice of appeal filed August 28, 2024[,] . . . indicates the appeal is brought by plaintiffs Patrick Willhoite, individually and as executor of the Margaret Ruth Willhoite Estate[ and the] Michael Willhoite [Estate], and Jessie Gafeller." The order also noted, however, that "the notice of appeal is not signed by counsel and is signed by only one of the appealing parties, Patrick Willhoite." The order then advised that "[t]o the extent any other parties seek to appeal the district court's order, they must either sign the notice of appeal or it must be signed on their behalf by their attorney."

The same day, August 29, an amended notice of appeal was filed on behalf of the plaintiffs. This signature block appeared at the bottom:

/s/ *Patrick Willhoite, Individually*
/s/ *Patrick Willhoite, As Executor of Estate of*
*Margaret Willhoite*
/s/ *Patrick Willhoite, As Executor of Estate of*
*Michael Willhoite*

Patrick Willhoite, Individually and as Executor
1999 Keener Rd.
Muscatine, IA 52761
Phone: 563-299-0241
Email: willhoitepatrick@yahoo.com
*Pro Se Attorney*

/s/ *Jessie Gafeller*
Jessie Gafeller
3218 West Locust Street
Davenport, IA 52894
Email: willhoitepatrick@yahoo.com

It appears undisputed that this amended notice was filed through an efiling account assigned to an Iowa attorney, Barrie Shapiro Duchesneau. As mentioned, Duchesneau was one of the attorneys who had appeared on behalf of the plaintiffs in district court. And it does not appear that Duchesneau ever sought or received leave to withdraw as the plaintiffs' counsel. Even so, Duchesneau's name did not appear on either notice of appeal.

On September 19, a new attorney, Matthew Sease, appeared in our court on behalf of all the plaintiffs.

On October 2, Genesis moved to dismiss the appeal by Margaret's estate and Michael's estate. Genesis argued that Patrick had engaged in the unauthorized practice of law by filing notices of appeal on behalf of the estates. And the remedy for this unauthorized practice, Genesis said, was to treat the estates' notices as nullities.

The plaintiffs resisted, and Genesis replied. Ultimately, our court ordered the motion submitted with the appeal. Consistent with our order, the appellate

briefs address both the motion and the parties' merits arguments. On the merits, the plaintiffs argue that the district court erred in granting Genesis's motion to dismiss the lawsuit because (1) Genesis waived its right to seek dismissal under section 147.140; (2) Genesis should be estopped from seeking dismissal under section 147.140; and, in any event, (3) the 2020 certificates substantially complied with section 147.140. Genesis disagrees.

**II. Jurisdictional Issue.**

We start with Genesis's motion to dismiss the estates' appeal. Analytically, our approach must begin with the question of whether a non-lawyer executor or administrator engages in unauthorized practice of law by filing a notice of appeal on behalf of an estate. Then, if we find that such filings amount to unauthorized practice, we must decide what remedy is appropriate.

In addressing these questions, we are guided by our recent decision in *Estate of Tornell v. Trinity Health Corp.,* 31 N.W.3d 162 (Iowa 2026). There, a married woman died after receiving emergency care at a hospital. *Id.* at 164. Her husband was appointed as the administrator of her estate. *Id.* He filed a pro se wrongful-death suit in district court. *Id.* The defendants included the hospital as well as others who were involved in the woman's care. *Id.*

The defendants answered and then moved for judgment on the pleadings. *Id.* at 165–66. They argued that because the husband wasn't a lawyer, he couldn't prosecute claims on behalf of the woman's estate. *Id.* at 165. The husband resisted. *Id.* He argued that he didn't need a lawyer because he was the administrator of the woman's estate and was also its sole beneficiary. *Id.* Alternatively, he asked for time to obtain a lawyer. *Id.* The defendants responded that because the husband's petition was a nullity, dismissal was the only option. *Id.*

The district court concluded that the husband's efforts to represent the estate in district court were indeed the unauthorized practice of law. *Id.* at 166. And in the district court's view, this meant that all of the husband's filings were void and "a legal nullity." *Id.* So the court dismissed without prejudice. *Id.* at 164.

The husband appealed, this time with the help of appellate counsel. *Id.* at 166. A divided court of appeals affirmed, and we granted further review. *Id.*

We agreed with the district court and court of appeals that because "estates are legal entities distinct from their administrators and beneficiaries," the husband, "a nonlawyer, could not represent [the] estate in [prosecuting the] wrongful-death action . . . in district court and . . . his effort to do so constituted the unauthorized practice of law." *Id.* at 168–69. Even so, we did not think that the husband's filings had to be treated as nullities or that immediate dismissal was the required remedy. *Id.* at 169–70. Rather, we believed that the husband should be allowed a reasonable time "of at least thirty days" to obtain counsel to pursue the wrongful-death suit in district court. *Id.* at 170. If counsel failed to timely appear, though, the district court could again dismiss the action without prejudice. *Id.*

We see strong parallels between *Tornell* and the case before us now. Just as the estate in *Tornell* was a "legal entit[y] distinct from" its administrator, *id.* at 168, the estates here are distinct from Patrick, the executor for one estate and the administrator for the other. And so, just as the *Tornell* administrator's filings for the estate amounted to unauthorized practice of law, Patrick's filing of notices of appeal for his parents' estates was also unauthorized practice. *See id.* And although the *Tornell* filings were made at the start of the case and Patrick's filings at the end of the case, we see no meaningful difference. In both situations, the

act of "representing another" by appearing and making district court filings in a wrongful-death suit is "obvious[ly]" the practice of law. *Comm. on Pro. Ethics & Conduct of the Iowa State Bar Ass'n v. Baker,* 492 N.W.2d 695, 701 (Iowa 1992); *see Boydston v. Strole Dev. Co.,* 969 P.2d 653, 657 (Ariz. 1998) (en banc) ("The notice of appeal here was defective[ because i]t was signed by non-lawyers on behalf of the corporation."); *Alexander & Baldwin, LLC v. Armitage,* 508 P.3d 832, 842 (Haw. 2022) (noting that the defendants were not authorized to represent the Reinstated Hawaiian Nation when they filed their notice of appeal); *Brown v. Coe,* 616 S.E.2d 705, 708 (2005), *clarified by,* 620 S.E.2d 323 (S.C. 2005) ("[T]he filing of a notice of appeal on behalf of the estate . . . clearly constitutes the practice of law . . . ."). *But see City of Downey v. Johnson,* 69 Cal. Rptr. 830, 835 (Ct. App. 1968) (concluding that non-lawyer executor of estate "had the capacity to sign and file the notice of appeal").

What, then, is the proper remedy for Patrick's unauthorized practice? Here again, *Tornell* points the way. Just as the *Tornell* court held that the administrator's unauthorized filings did not have to be treated as nullities, Patrick's unauthorized notices of appeal do not have to be treated as nullities. *See Tornell,* 31 N.W.3d at 170. Therefore, dismissal is not necessarily required. *Id.* Instead, as in *Tornell,* what is important is that Patrick's unauthorized practice must end, and all future filings must be made by licensed attorneys. *Id.* Thus, *Tornell* suggests we should give the estates a reasonable amount of time to obtain counsel. *Id.*

But that problem has already been solved. Indeed, it appears that the estates have always been represented by counsel at all stages of this case. As explained, lawyers from two law firms appeared on behalf of the estates throughout the district court proceedings. And at least some of those lawyers

never sought or received leave to withdraw either in the district court or in our court. *See* Iowa R. App. P. 6.152(4) (noting that "attorneys . . . of record in the district court will be the attorneys . . . in the appellate court" unless certain conditions are fulfilled); *id.* r. 6.152(5) ("An attorney may not withdraw from representation of a party before an appellate court without permission of that court unless another attorney has appeared or simultaneously appears for the party."). At least one of those lawyers (Duchesneau) assisted Patrick in filing the amended notice of appeal.

That aside, a new lawyer, Matthew Sease, has now appeared in this appellate case on behalf of all plaintiffs. His appearance was filed less than a month after the appeal was filed. And Sease has handled all of the briefing and motion practice in this court. Since his appearance, there have been no additional unauthorized filings by Patrick.

Thus, the twin goals identified in *Tornell*—"halt[ing] the unauthorized practice of law by nonlawyers attempting to represent others while also permitting resolution of the dispute on the merits (assuming counsel timely appears in the case)"—have been fulfilled. 31 N.W.3d at 170. So we decline to dismiss the estates' appeal.

**III. Certificate of Merit Affidavit Issue.**

We turn now to the substantive issue: should we reverse the district court's decision to dismiss the plaintiffs' suit because of their failure to comply with Iowa Code section 147.140, our certificate of merit affidavit statute?

As to this question, we are evenly divided. Mansfield, Oxley, and McDermott, JJ., would reverse; Christensen, C.J., and McDonald and May, JJ., would affirm. Because we are evenly divided, the district court is affirmed by operation of law. Iowa Code § 602.4107 (2026); *Juckette*, 992 N.W.2d at 222.

**IV. Conclusion.**

The motion to dismiss this appeal is denied. As to the merits issue of whether the district court erred by dismissing the plaintiffs' lawsuit: because the court is evenly divided, the dismissal is affirmed by operation of law.

**Motion to Dismiss Appeal Denied; District Court Judgment Affirmed.**

All participating justices concur as to parts I, II, and IV. As to part III, Christensen, C.J., and McDonald and May, JJ., would affirm; Mansfield, Oxley, and McDermott, JJ., would reverse. Waterman, J., takes no part.