93 N.J. Super. 479 (1967)
226 A.2d 437
GEORGE KASHARIAN, ADMINIS. AD PROSEQUENDUM OF SARKES ANDREW KASHARIAN, DECEASED, PLAINTIFF-APPELLANT,
v.
DR. WILLIAM WILENTZ, ASSEMBLYMAN JOSEPH DOREN [sic], DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 27, 1966.
Decided January 25, 1967.
*480 Before Judges CONFORD, FOLEY and LEONARD.
Mr. George Kasharian, administrator ad prosequendum, etc., pro se.
*481 Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys for defendant Wilentz (Mr. John I. Lisowski, of counsel).
PER CURIAM.
This is a motion by plaintiff, although inartistically styled otherwise, to vacate an order of this court dismissing his appeal for violation of the rules of court concerning brief and appendix, for scurrilous content therein, and because the appeal was improperly maintained by plaintiff, who is not a lawyer, pro se, rather than by a duly admitted attorney at law of this State as required by R.R. 1:12-1.
Plaintiff's action was brought for the alleged wrongful death of his son, as administrator ad prosequendum, pursuant to N.J.S. 2A:31-2. Such an action is brought for the exclusive benefit of the persons entitled to take intestate property of the decedent. N.J.S. 2A:31-4. The administrator ad prosequendum is merely a nominal representative of the class mentioned, since he acts as fiduciary for the general administrator who is charged with distribution of the funds recovered. Loughney v. Thomas, 117 N.J.L. 169 (E. & A. 1936).
The action was dismissed by the Middlesex County Court on the merits by judgment filed March 16, 1966. A timely appeal to this court was, as noted above, dismissed for the reasons indicated.
We are now persuaded that while, for reasons to be stated, we correctly ruled that this action was required to be brought and appealed by an attorney-at-law, the interests of substantial justice to the class of persons represented by plaintiff (which includes three individuals besides himself) call for giving plaintiff an opportunity to retain counsel rather than summarily dismissing the appeal. There has been no previous reported New Jersey case passing upon this question. Moreover, if counsel is retained, he will presumably file a brief and appendix in compliance with court rules, and free from scurrilous content. Plaintiff's heretofore *482 failure to have filed proper papers was undoubtedly due in major part to his ignorance of law and legal procedure.
The pertinent rule of court provides, so far as material (R.R. 1:12-1):
"(a) No person shall practice law in this State, except as provided in paragraph (c) of this rule, unless * * * [listing conditions not satisfied by plaintiff].
(c) No person shall be permitted to appear to prosecute or defend an action in any court of this State unless * * * (2) he is a party to the action, or is the guardian of a party to the action; * * *."
Plaintiff is not the guardian of a party. He asserts, however, that he is a party. We are of the view, however, that he is not a party within the meaning of the rule. He does not prosecute this action to realize his own personal participating interest in the recoverable fund but solely as administrator ad prosequendum in the interests of the entire class of the next of kin of the decedent. "Party," under the rule, means the person or entity beneficially interested or personally sought to be held liable, not a nominal representative or fiduciary for such persons (with the exception of guardians of parties, specifically provided for by (c) (2) of the rule).
While we find no case precisely in point, the philosophy of the decided cases is that nominal representatives or even active fiduciaries of the persons in beneficial interest, not themselves lawyers, should not be permitted to conduct legal proceedings in court involving the rights or liabilities of such persons without representation by attorneys duly qualified to practice law. See State ex rel. Baker v. County Court of Rock County, Branch I, 29 Wis.2d 1, 138 N.W.2d 162 (Sup. Ct. 1965); Frazee v. Citizens Fidelity Bank & Trust Co., 393 S.W.2d 778 (Ky. Ct. App. 1964, mod. 1965); State Bar Ass'n of Connecticut v. Connecticut Bank and Trust Co., 146 Conn. 556, 153 A.2d 453 (Sup. Ct. Err. 1959); In re Otterness, 181 Minn. 254, 232 N.W. 318, 73 A.L.R. 1319 (Sup. Ct. 1930); Arkansas Bar Ass'n v. Union Nat. Bank of Little Rock, 224 Ark. 48, 273 S.W.2d 408 *483 (Sup. Ct. 1954); cf. Judd v. City Trust & Savings Bank, 133 Ohio St. 81, 12 N.E.2d 288 (Sup. Ct. 1937).
The harmful consequences of unlicensed law practice in the present context are strikingly demonstrated by the activities of this plaintiff in this and other cases brought by him in connection with the same occurrences complained of where confusion has reigned supreme because of the many unintelligible, untimely and inappropriate documents he has drawn pro se and served and filed, not to mention the consequent serious prejudice to the substantial rights, if any there may be, of the class of persons having beneficial interest in such cases.
The order of dismissal of the appeal is set aside, subject, however, to the express condition that an attorney-at-law of this State, engaged by plaintiff, file an appearance as such with the clerk of this court and serve adverse parties therewith within 32 days of the filing date of this opinion. Said time is peremptory. Should such appearance not be filed the order of dismissal shall remain in effect without further proceedings. If a timely appearance is filed, the attorney shall promptly apply to the court on notice for directions as to filing of supplementary brief and appendix to supersede those now on file.
So ordered; no costs on this application.