**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2178-17T3

SANTANDER BANK, N.A.,

     Plaintiff-Respondent,

v.

STEPHEN G. DZINCIELEWSKI,
STEPHEN G. DZINCIELEWSKI,
as executor of THE ESTATE OF
AUDREY J. DZINCIELEWSKI,
GALE SAVAGE, his wife, NANCY
NOESGES, MICHAEL NOESGES,
her husband, UNITED STATES OF
AMERICA, STATE OF NEW JERSEY
and ASCENSIONPOINT RECOVERY
SERVICES, LLC,

     Defendants,

and

FRANK S. DZINCIELEWSKI,
as executor of THE ESTATE OF
AUDREY J. DZINCIELEWSKI
and FRANK S. DZINCIELEWSKI,

     Defendant-Appellant.

_____

Submitted March 5, 2019 – Decided July 24, 2019

Before Judges Yannotti and Rothstadt.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-008427-17.

Frank Dzincielewski, appellant pro se.

Stern Lavinthal & Frankenberg, LLC, attorneys for respondent (Mark S. Winter, of counsel and on the brief).

PER CURIAM

In this foreclosure action, defendant Frank S. Dzincielewski is one of the executors and heirs to his late mother, Audrey J. Dzincielewski's estate. Audrey and Stephen Dzincielewski,[1] another son, executor and heir of the estate, were the obligors under a note, and Audrey was the mortgagor under a mortgage, which were given to secure loans made under the subject Home Equity Line of Credit (HELOC) extended by plaintiff Santander Bank, N.A. Defendant appeals from the Chancery Division's July 21, 2017 order granting plaintiff summary judgment, its November 3, 2017 order rejecting defendant's challenge to the amount due to plaintiff, and its November 30, 2017 final judgment of

---

[1] We refer to the parties by their first names to avoid any confusion caused by their common surname.

foreclosure. On appeal, defendant contends the motion judge abused his discretion by granting summary judgment and "disregarding" his "offset to . . . [the] amount due." We disagree and affirm as we conclude there is no merit to defendant's arguments.

The material facts viewed in the light most favorable to defendant are generally undisputed. See Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 135 (2017). They are summarized as follows. Until her death in July 2014, Audrey owned a residential property in Toms River. She took title in 2007 and in 2009, she and Stephen executed a note and she delivered a mortgage in connection with their securing a $130,000 HELOC from Sovereign Bank, N.A. (Sovereign). The mortgage securing the line was recorded on December 4, 2009. Sovereign was later renamed as plaintiff, Santander Bank, N.A.

After Audrey died, payments toward the amount owed under the HELOC ceased and by February 8, 2016, the loan was in default. Plaintiff issued a notice of default addressed to Audrey's estate on August 31, 2016 and when the loan was not reinstated, it filed this action on April 4, 2017.

In its complaint, plaintiff identified defendant as an heir and executor of Audrey's estate. Defendant filed a contesting answer. Among the defenses he asserted in his answer was that New Jersey's Home Ownership Security Act

(HOSA), N.J.S.A. 46:10B-22 to -68, barred plaintiff's claims because plaintiff charged "[d]efendant late fees more than [five percent] of the Principal and Interest."

After discovery was completed, plaintiff filed its motion for summary judgment. Defendant did not oppose the motion. Plaintiff's motion was supported by the certification of one of its officers who certified to the history of the loan, plaintiff's possession of the note and mortgage, and the renaming of Sovereign to plaintiff's name.

On July 20, 2017, the Chancery judge granted plaintiff's motion and converted defendant's pleading to a non-contesting answer, placing his reasons for doing so on the record that day. Based on the proofs submitted on summary judgment, the judge found the history of the loan to be as stated above and concluded that plaintiff "established its prima facie right to foreclosure; that is, it established execution, delivery, nonpayment of the [loan], and standing." On July 21, 2017, the judge entered an order memorializing his decision.

In October 2017, plaintiff moved for final judgment supported by a certification from one of its officers. Defendant responded by filing a motion to fix the amount due supported by his certification. In his certification, he stated that he resided at the subject premises and plaintiff charged him late fees after

Audrey's death in excess of those permitted by HOSA. Therefore, according to defendant, the amount due under the note was not the $138,574.64 demanded by plaintiff that included $1,356.29 in late charges, but was actually $30,787.99 after deducting the "statutory damages" provided for under HOSA.

The Chancery judge granted plaintiff's motion and denied defendant's. In his written statement of reasons, the judge recounted the history of the loan and observed that in defendant's objection to the amount sought by plaintiff, he asserted that the "late charges should be $96.16" and did so "without providing the method of his calculation . . . ." The judge concluded that defendant failed to comply with Rule 4:64-1(d)(3) (requiring that an objection state "with specificity the basis of the dispute"), because he "made only general assertions disputing the amount due and has not made an[y] specific challenge to [plaintiff's] calculations or contradicted [those] figures by providing alternate calculations . . . ." Turning to plaintiff's submission in support of the amount it claimed was due under the note, the judge was satisfied that plaintiff's calculations were sufficiently detailed and authenticated for him to accept as being correct, and they did not demonstrate any violation under HOSA.

The judge entered an order memorializing his decision and another judge later entered the final judgment. This appeal followed.

On appeal, defendant contends that the evidence on summary judgment was insufficient to support the motion judge's finding that Sovereign was renamed as Santander Bank, N.A. or that plaintiff possessed the original note on the day it filed its complaint, which he describes as a "critical" issue because there was no assignment of mortgage. He also argues that the judge neither applied the correct standard on summary judgment nor issued sufficient findings of fact and conclusions of law under Rule 1:7-4.

As to the issue of the correct amount due, defendant argues that an "offset" should have been applied because plaintiff's calculation of the late fees owed violated HOSA, which he contends limited the amount chargeable to five percent of the "payment past due" and cannot be "charged more than once with respect to a single late payment." Defendant cites to a federal bankruptcy court decision and argues that allowing plaintiff to include more than the five percent violated the Act.

We review de novo orders granting summary judgment and apply the same standard that governed the trial court's ruling. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment will be granted if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter

A-2178-17T3

of law.'" Ibid. (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A., 224 N.J. 189, 199 (2016)); R. 4:46-2(c). See also Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 474 (App. Div. 2009).

We have considered defendant's contentions in light of our de novo review of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Suffice it to say, although not addressed by the Chancery judge, defendant cannot appear on behalf of Audrey's estate in this action without counsel, see R. 1:21-1; see also Kasharian v. Wilentz, 93 N.J. Super. 479, 482-83 (App. Div. 1967), as he holds no interest in the subject property directly and is neither a borrower under the note, a mortgagor under the mortgage, nor a borrower as defined in HOSA. See N.J.S.A. 46:10B-24 ("'[b]orrower' means any natural person obligated to repay the loan, including a co-borrower, cosigner, or guarantor"); N.J.S.A. 46:10B-27 (addressing a "borrower's" right to assert claims and defenses under HOSA).

Regardless of defendant's lack of any right to pursue this appeal or the claims he raised before the Chancery judge, we also conclude that the judge's factual findings concerning all of defendant's contentions are fully supported by the record and, in light of those facts, his legal conclusions are unassailable. We

therefore affirm the final judgment of foreclosure and each of the orders under review substantially for the reasons expressed by the judge in his oral and written decisions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2178-17T3