**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3059-20

KATHLEEN DEVITO,

    Plaintiff-Appellant,

v.

DR. WAQAS REHMAN, DR.
DAVID ROSEN and ROLLING
HILLS CARE CENTER,

    Defendants-Respondents.

_____

Submitted May 9, 2022 – Decided July 11, 2022

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. L-0284-20.

Kathleen DeVito, appellant pro se.

Andrew K. Worek (Post & Post LLC) and Joshua T. Calo (Post & Post LLC), attorneys for respondent Dr. Waqas Rehman (Andrew K. Worek and Joshua T. Calo, on the brief).

Marshall Dennehey Warner Coleman & Goggin, attorneys for respondent Dr. David Rosen (Walter F. Kawalec, III and Rachel C. Bekerman, on the brief).

Burns White LLC, attorneys for respondent Rolling Hills Care Center (Lauren S. Angeles, on the brief).

PER CURIAM

Plaintiff Kathleen DeVito appeals from the Law Division's January 14 and May 20, 2020 orders, granting defendants Dr. Waqas Rehman, Dr. David Rosen, and Rolling Hills Care Center's (RHCC's) motions to dismiss with prejudice plaintiff's pro se actions under the Wrongful Death Act, N.J.S.A. 2A:31-1 to -6, and the Survivor's Act, N.J.S.A. 2A:15-3. She also challenges a second May 20, 2020 order, denying reconsideration. The orders were entered after the motion judge applied Rule 1:21-1 and determined plaintiff lacked standing and authority to prosecute claims on behalf of her late mother Corinne Sills and the surviving heirs. In addition, the judge determined that, in any event, under N.J.S.A. 2A:53A-27, plaintiff failed to file any affidavit of merits (AOMs) in support of her medical malpractice claims.

On appeal plaintiff argues the following: the motion judge (1) erred by not granting plaintiff additional time to secure an AOM; (2) should have granted reconsideration; (3) improperly denied plaintiff an opportunity to amend her complaint and to "retain a medical malpractice attorney"; (4) should have

2

excused the failure to serve an AOM under the common knowledge exception to the AOM requirement; (5) should have granted extensions beyond the statutory maximum or leave to amend because her inability to retain counsel demonstrated extraordinary circumstances; and (6) misapplied the policy behind the AOM statute to "'weed out' frivolously filed" complaints and instead applied it to bar "the unrepresentable . . . the opportunity to have their unrepresented surviving loved ones [the ability to] prosecute a wrongful death/survival action . . . that requires a licensed lawyer who has access to the service of medical expert witnesses."

We have considered plaintiff's contentions in light of the record and the applicable law. We affirm because the judge correctly determined that plaintiff did not have any authority to pursue the claims alleged in her individual capacity and to represent her late mother or her mother's other surviving heirs.

The salient facts taken from the record are summarized as follows. In May 2018, plaintiff's mother, who was over ninety years old, was admitted to Hunterdon Regional Cancer Center at the order of Rehman, who had been treating her for ovarian carcinoma for two years. After a few days, on May 30, she was discharged to RHCC for rehabilitation with instructions to follow-up with Rehman in two weeks.

3

At RHCC, plaintiff's mother was under the care of Rosen. On June 15, Rosen left orders that stated an appointment was to be made during the next week or so for plaintiff's mother to see her oncologist. And, on the same day, Rosen questioned in his progress notes whether chemotherapy was required if the patient staying at RHCC for two to three weeks, and if so then oncology was necessary. Despite Rosen's order and comment, during her forty-five-day stay at RHCC, plaintiff's mother was not scheduled to follow-up with Rehman.

Also, when plaintiff's mother was discharged from RHCC, Rosen included in his discharge summary plaintiff's mother's blood levels, indicating "WBC 2.7 RBC 9.3 gm. 7/9/18." However, test results from the same day showed her white blood cell result was 2.7, red blood cell result was 2.47, and her hemoglobin result was 9.3.

After plaintiff's mother was discharged from RHCC, on July 18, she saw Rehman for the first time since May. On August 9, Rehman informed her she had leukemia. A few days later, she presented with a fever and was admitted to a hospital, where she would be diagnosed with and unsuccessfully treated for sepsis. She passed away the next morning. Her cause of death was determined to be overwhelming sepsis secondary to acute leukemia and metastatic ovarian cancer.

A-3059-20

At the time of plaintiff's mother's death, her survivors included plaintiff and "the rest of the surviving children and grandchildren of Corinne Sills."  On September 14, 2018, Letters Testamentary were issued to plaintiff and one of her brothers, Timothy J. Sills, appointing them as co-executors.[1]

On August 6, 2020, plaintiff filed a pro se complaint seeking damages under the Wrongful Death Act and the Survivor's Act.  However, plaintiff filed the action only in her individual capacity, naming herself as plaintiff, and demanding an award of damages only for herself, not her mother's estate or any surviving heirs.[2]

The complaint alleged malpractice against Rehman, Rosen, and RHCC, which caused her mother to suffer pain and ultimately her death.  The two claims relevant to this appeal were that (1) defendants were negligent for failing to schedule a follow-up appointment with Rehman, as he instructed before releasing decedent to RHCC and as Rosen's notes demonstrated he intended to

---

[1]  According to the record, it appears at some point Timothy passed away prior to plaintiff filing her complaint on this matter.  The record indicates that another sibling, Joseph Sills was a surviving child of the decedent.

[2]  Later, in submissions she made in support of her reconsideration motion, plaintiff explained that she was acting "on behalf of the Estate of Corrine Sills," which was reinforced in her responses to defendants' discovery demands.

A-3059-20

do; and (2) Rosen misread blood test results and, in his discharge summary, he restated the results inaccurately.

In their answers to the complaint, Rehman, Rosen, and RHCC asserted that an AOM was required under N.J.S.A. 2A:53A-27, and Rehman also asserted plaintiff lacked standing and plaintiff was unable to prosecute these claims pro se on behalf of the estate.

On October 14, RHCC requested a Ferreira[3] conference, which the motion judge held on November 16. Plaintiff did not appear at the conference. During the conference, the judge determined an AOM was required to support plaintiff's claims. On November 19, the judge entered an order requiring plaintiff to file an AOM within the statutory time limits and stating that failure to do so would result in dismissal of plaintiff's complaint with prejudice. The same day, the judge sent plaintiff a letter by e-Courts and regular mail enclosing that order and clarifying that the complaint may also be dismissed if the judge determined plaintiff was "ineligible to be self-represented in this litigation." A reminder of plaintiff's obligation to file an AOM was also sent on November 25.

In response, plaintiff requested RHCC consent to an extension to the 60-day deadline to file an AOM, which RHCC agreed to extend to February 10,

---

[3] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

2021. As to the deadline to file an AOM to support claims against Rehman and Rosen, on December 2, plaintiff filed a motion requesting the court grant a 60-day extension, with a return date of December 18 and waiving oral argument. On December 14, the judge scheduled the motion for January 8, 2021.

Rosen consented to the extension and asked the court to extend the deadline to file an AOM to February 3, 2021, which was 120 days after his answer was filed. However, on December 15, Rehman filed his opposition and a cross-motion to dismiss based upon plaintiff's lack of standing or authority to prosecute pro se claims for the benefit of decedent's estate and failure to file an AOM. In Rehman's attorney's certification in support of his opposition, his attorney asserted, "[p]laintiff has failed to establish good cause for an extension to provide an [AOM]. On the contrary, this is exactly the type of case the [AOM] [s]tatute was enacted to protect against."[4]

On January 14, 2021, the judge entered an order denying plaintiff's motion for an extension to file an AOM pertaining to Rehman and dismissed plaintiff's complaint against Rehman with prejudice. The judge determined that plaintiff

---

[4] In an accompanying brief, Rehman's attorney asserted plaintiff failed to demonstrate "good cause" to permit an extension because, in addition to attempting and failing to obtain an AOM for over two years, she had no standing and so her charges would have failed irrespective of an extension.

had not established good cause to grant an extension based on "the reasons set forth in defendant's opposition" and, citing Kasharian v. Wilentz, 93 N.J. Super. 479 (App. Div. 1967), that "plaintiff lack[ed] standing to file suit on behalf of her deceased mother."

In light of the judge's order, on January 18 and February 11, Rosen and RHCC respectively filed motions to dismiss for similar reasons as Rehman. In response, on February 3, plaintiff filed a motion for reconsideration of the judge's January 14 order. Plaintiff also requested the judge enter orders encouraging medical experts to cooperate with plaintiff to secure an AOM; acknowledging that some of plaintiff's claims qualify for a common knowledge exception to the AOM requirement; and a "[r]uling that elements of the [c]omplaint - deemed to be technically improper, are [c]urable by [a]mendment[,] sufficient to toll the statute of limitations."

In support of her motion, plaintiff explained she contacted over seventy-five medical experts and agencies to secure an AOM and hundreds of law firms to retain counsel but could not because of decedent's age and lack of income. Also, plaintiff submitted documents including correspondence where her surviving sibling, Joseph Sills, stated he was the "architect" and "actually handling" the case rather than plaintiff. Defendants opposed plaintiff's motion.

On May 20, after considering oral argument, the judge entered orders denying reconsideration and dismissing the complaint against Rosen and RHCC with prejudice for substantially the same reasons the judge dismissed plaintiff's complaint against Rehman.  This appeal followed.

We review a judge's decision to dismiss a complaint de novo, <u>Castello v. Wohler</u>, 446 N.J. Super. 1, 14 (App. Div. 2016), including the judge's determination to dismiss based on standing, <u>Courier-Post Newspaper v. Cnty. of Camden</u>, 413 N.J. Super. 372, 381 (App. Div. 2010).

Plaintiff argues Rehman's motion to dismiss for lack of standing was not timely filed and so should not have been considered by the judge.  Specifically, plaintiff claims Rehman's December 15, 2020 motion was filed five days late because the return date on her notice of motion was December 18, and so a timely motion should have been filed by December 10.  Notably, she does not argue she had standing as an individual to bring claims on behalf of her late mother and, she concedes she is not authorized to appear pro se in her capacity as an executrix.

In response, Rehman argues his cross-motion was timely filed because the judge rescheduled plaintiff's motion to January 8, 2021.  Additionally, he claims <u>Rule</u> 1:6-3(a), (b) permitted him to file this motion, which related to the subject

matter of the original motion, up to four days before the January 8 hearing date. Alternatively, he contends any errors were harmless.

Additionally, Rehman argues that the judge properly determined plaintiff did not have standing because she could only assert claims on behalf of her late mother as a fiduciary of her estate and not individually and that, even as the executrix, plaintiff, acting pro se, could not prosecute claims on behalf of the estate. Rosen adds that plaintiff did not contest that she lacked standing and therefore she waived any argument she could have had.

We agree that plaintiff does not contest on appeal that she, in her individual capacity, does not have standing or authority to prosecute claims on behalf of her mother's estate or other heirs, or as an executrix appearing pro se.[5]

---

[5] We note that in accordance with recent amendments to the Wrongful Death Act and the Survivor's Act, N.J.S.A. "[e]xecutors, administrators, and Administrator Ad Prosequendum [(AAP)]" can file such actions. Prior to the amendment, AAP could not file a Survivor's Act action. The amendment also added the following language in a new subsection (2):

> In the case of a plaintiff qualified for appointment as administrator who was not yet appointed administrator at the time the plaintiff commenced an action under this section, the court may allow the plaintiff to be designated administrator for the purposes of this section and to allow the plaintiff to amend pleadings nunc pro tunc relating back to the plaintiff's first filed pleading to reflect the designation.

She could only have pursued her own claims on her own behalf and she could have appeared pro se in doing so. "A person not qualifying to practice [law in New Jersey] pursuant to the first paragraph of [Rule 1:21-1 (i.e. a New Jersey-licensed attorney) is] permitted to appear and prosecute or defend an action in any court of this State if the person . . . is a real party in interest to this action or the guardian of the party . . . ." R. 1:21-1(a)(4).

Individual litigants generally do not have standing "to assert the rights of third parties." Stubaus v. Whitman, 339 N.J. Super. 38, 48 (App. Div. 2002). And, under our Court Rules, an individual who is not a licensed attorney in this state cannot appear on behalf of a third party. See R. 1:21-1(a). Only "if the person . . . is a real party in interest to this action or the guardian of the party" can he or she appear pro se. R. 1:21-1(a)(4). A "'[p]arty,' [is] the person or entity beneficially interested or personally sought to be held liable, not a nominal representative or fiduciary for such persons (with the exception of guardians of parties . . . )." Kasharian, 93 N.J. Super. at 482.

---

[L. 2021, c. 481 (emphasis added).]

According to its express language, the amendment became effective "immediately" and applied to "any action commenced prior to the effective date and not yet dismissed or finally adjudicated as of the effective date." Ibid.

11

Both a Survivor's Act action and Wrongful Death Act action are filed on behalf of third parties, not an individual plaintiff. "[T]he Survivor's Act preserves to the decedent's estate any personal cause of action that decedent would have had if he or she had survived." Smith v. Whitaker, 160 N.J. 221, 233 (1999). The Survivor's Act permits only certain representatives "suing on behalf of [an] estate, to recover the damages [the] 'testator . . . would have had if [the testator] was living.'" Repko v. Our Lady of Lourdes Med. Ctr. Inc., 464 N.J. Super. 570, 577 (App. Div. 2020) (quoting N.J.S.A. 2A:15-3). On the other hand, a wrongful death action must "be brought in the name of an [AAP] of the decedent for whose death damages are sought," or by an executor where the decedent's will has been probated, N.J.S.A. 2A:31-2(a), and any recovery belongs to the decedent's heirs, see N.J.S.A. 2A:31-4.

There is a significant difference between the two actions:

> The death statute gives to the personal representatives a cause of action beyond that which the deceased would have had if he had survived, and based upon a different principle, a new right of action. The recovery goes, not to the estate of the deceased person, but to certain designated persons or next of kin. In the recovery the executor or administrator as such has no interest; the fund is not liable to the debts of the deceased, nor is it subject to disposition by will, for the reason that the primary concern of the [A]ct . . . is to provide for those who may have been the dependents of the deceased. . . .

[The Survivor's Act] contemplates compensation to the deceased person's estate. It is in the interval between injury and death only that loss can accrue to the estate, and in that alone is the personal representative interested. . . . The damages for personal injury and the expense of care, nursing, medical attendance, hospital and other proper charges incident to an injury as well as the loss of earnings in the life of the deceased are the loss to his estate and not to [his widow or next of kin].

[Kern v. Kogan, 93 N.J. Super. 459, 471-72 (Law Div. 1967) (citation omitted).]

To the extent plaintiff brought this action in her individual capacity to vindicate any claim her mother had against defendants, she simply lacked the authority to do so individually. See Stubaus, 339 N.J. Super. at 47. Standing requires a plaintiff to have: (1) "a sufficient stake in the outcome of the litigation"; (2) "a real adverseness with respect to the subject matter"; and (3) "a substantial likelihood . . . [of] suffer[ing] harm in the event of an unfavorable decision." In re Camden Cnty., 170 N.J. 439, 449 (2002). In making determinations about standing, we "traditionally [apply] a generous view of standing." In re State Contract A71188, 422 N.J. Super. 275, 289 (App. Div. 2011).

Under both the Wrongful Death Act and the Survivor's Act, plaintiff had authority to file both actions only if she did so in her capacity as executrix. To

the extent she did not initially file the claims in her fiduciary capacity, she should have been granted leave to file an amended complaint nunc pro tunc.

However, an individual acting as a fiduciary or in another representative capacity, asserting claims for a decedent or an estate, cannot appear and prosecute the claim pro se. See R. 1:21-1(a); Kasharian, 93 N.J. Super. at 482; Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:21-1 (2022) ("[This] rule . . . prohibits [pro se] appearances by non-lawyer fiduciaries where the action involves another's beneficial interest."). "[T]he philosophy of the decided cases is that nominal representatives or even active fiduciaries of the persons in beneficial interest, not themselves lawyers, should not be permitted to conduct legal proceedings in court involving the rights or liabilities of such persons without representation by attorneys duly qualified to practice law." Pressler & Verniero, cmt. 1 on R. 1:21-1 (quoting Kasharian, 93 N.J. Super. at 482).

Plaintiff's admitted inability to secure counsel, while unfortunate, did not alter the fact that she could not in the first instance file her complaint asserting claims on behalf of her late mother and the estate, and she could not proceed on their behalf without counsel. As a result, her complaint was a nullity.

14                                                          A-3059-20

Under these circumstances, even if we were to reverse and remand to allow for her original pleading to be amended, there was no viable complaint that could be amended to correct the failure to plead plaintiff's actual role as a fiduciary.  See Repko, 464 N.J. Super. at 574 (reversing the denial of a motion to dismiss where attorney moved to amend complaint to name deceased plaintiff's estate upon learning that plaintiff had already died years earlier, before the original complaint was filed).

Again, we reach our conclusion not because plaintiff filed in her individual capacity, which could have been corrected by an amended pleading, but because even if she asserted claims in her fiduciary capacity, she could not do so without being represented by a licensed attorney.  For that reason, our determination in this opinion should not be read to bar a new complaint being filed through counsel that would be subject to any defenses that would exist at the time of its filing.

Because we conclude that plaintiff's complaint was properly dismissed based on her failure to be represented by counsel, we need not address her remaining arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3059-20