**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3401-22

MOHAMAD KHODAIR,
individually and in his capacity as
Administrator of the Estate of
DR. AHMED KHODAIR,

      Plaintiff-Appellant,

v.

LLANFAIR HOUSE CARE
& REHABILITATION CENTER
and WINDSOR HEALTHCARE
MANAGEMENT, LLC,

      Defendants-Respondents.

_____

Submitted December 11, 2024 – Decided June 6, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1111-22.

Guarino & Co. Law Firm, LLC, attorney for appellant (Philip L. Guarino, on the briefs).

Buchanan Ingersoll & Rooney, PC, attorneys for respondents (Eric D. Heicklen and Jennifer L. Nairn, of counsel and on the brief).

PER CURIAM

Plaintiff Mohamad Khodair, individually and in his capacity as the Administrator of the Estate of Dr. Ahmed Khodair, appeals from the June 12, 2023 Law Division order dismissing the amended complaint in this wrongful death and survivor action with prejudice. We affirm.

I.

The following facts are alleged in the amended complaint. Plaintiff is the son of Dr. Ahmed Khodair (decedent). In February 2020, decedent was admitted as a patient at defendant Llanfair House Care & Rehabilitation Center (Llanfair), a healthcare facility in Wayne that also operates as defendant Windsor Healthcare Management, LLC (Windsor).

In March 2020, while decedent was a patient at Llanfair, the COVID-19 pandemic arose. On March 15, 2020, decedent, a physician, was fearful he would contract COVID-19 at Llanfair and requested a transfer to another facility. In addition, decedent needed testing and surgery that had to be performed at an outside facility. Plaintiff, also a physician, supported his father's wish to be transferred. He alleges Llanfair staff wrongfully refused to

A-3401-22

permit decedent's transfer for financial reasons, extending his exposure to COVID-19 at what he alleges was a negligently operated facility.

On March 31, 2020, decedent was released from Llanfair to plaintiff's home. Within days, decedent became ill. He was hospitalized on April 8, 2020, and tested positive for COVID-19 that day. Plaintiff, the only person with whom decedent had contact after his release from Llanfair, tested negative for COVID-19 that day. Plaintiff alleges the test results prove decedent became infected with COVID-19 at Llanfair.

On April 13, 2020, decedent died while in the hospital.

On February 18, 2021, plaintiff was named administrator of decedent's estate.

On April 13, 2022, exactly two years after decedent's death, plaintiff, then self-represented, filed a complaint in the Law Division alleging defendants "caused the wrongful death of [decedent] by means of depraved indifference, gross negligence and medical malpractice . . . ." He alleged physicians, staff, and administrators at Llanfair failed to control the spread of COVID-19 at the facility and did not properly isolate patients with contagious conditions. Plaintiff alleges the negligent operation of Llanfair caused decedent to become infected with COVID-19, which resulted in his death.

A-3401-22

The complaint does not mention plaintiff's status as the administrator of decedent's estate and does not identify either the Wrongful Death Act (WDA), N.J.S.A. 2A:31-1 to -6, or the Survivor's Act (SA), N.J.S.A. 2A:15-3, or any other statutory basis for the claims alleged.  The complaint alleges:  "I am suing for damages which we suffered due to my father's loss including but not limited to pecuniary or financial injuries, compensatory damages, pain and suffering caused by mental anguish and emotional distress[,] as well as punitive damages."

On December 9, 2022, defendants moved to dismiss the complaint pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief can be granted.  They argued, among other things, that plaintiff lacked standing in his individual capacity to allege claims under the WDA or SA on behalf of the estate and as administrator could not assert claims on behalf of the estate without representation by a licensed attorney.  In addition, defendants argued the claims alleged in the complaint are barred by the COVID-19-related immunity conferred by Governor Murphy's Executive Order No. 112 and L. 2020, c. 18, § 1(c)(1).  The motion was unopposed.

On January 26, 2023, the court granted the motion.  In a written decision, the court noted the WDA and SA permit only the administrator or administrator

ad prosequendum of a decedent's estate to file claims on behalf of the estate. The court found that although plaintiff had previously been named administrator of decedent's estate, he did not identify himself in that capacity in the complaint.

In addition, the court found Rule 1:21-1(c) requires decedent's estate to be represented by counsel when filing a complaint. Thus, the court concluded, plaintiff, who is not an attorney, was precluded from filing the complaint on behalf of the estate without representation.

The court dismissed the complaint without prejudice to permit plaintiff to retain counsel and file an amended complaint in his capacity as administrator of decedent's estate. Because of its conclusion with respect to standing and representation, the court did not address defendants' immunity arguments. A January 26, 2023 order memorialized the motion court's decision.

On April 5, 2023, plaintiff, then represented by counsel, filed an amended complaint in his individual capacity and as administrator of decedent's estate. The amended complaint expanded on the details of defendants' treatment of decedent and alleged their negligence caused him to contract COVID-19 while at Llanfair, resulting in his death. The amended complaint alleged causes of action: (1) under the WDA on behalf of the estate; (2) under the SA on behalf of the estate; (3) for punitive damages individually; (4) for intentional infliction

5

of emotional distress individually; and (5) for negligent infliction of emotional distress individually.

On May 17, 2023, defendants moved to dismiss the amended complaint. They argued the claims alleged therein were untimely because the amended complaint was filed beyond the applicable two-year statutes of limitations and cannot relate back to the filing date of the original complaint, which was a nullity. See N.J.S.A. 2A:31-3 (establishing two-year limitations period for WDA claims); N.J.S.A. 2A:15-3 (establishing two-year limitations period for SA claims, with exceptions not applicable here); N.J.S.A. 2A:14-2 (providing personal injury claims must be brought within two years of the accrual of the cause of action).

According to defendants, the original complaint, which was filed within two years of decedent's death and alleged claims only on behalf of decedent's estate, was a nullity because plaintiff lacked standing to file claims on behalf of decedent's estate in his individual capacity and in his fiduciary capacity without representation by counsel. Thus, defendants argued, the filing date of the amended complaint, which was filed more than two years after decedent's death, cannot not relate back to the filing date of the original complaint.

A-3401-22

Plaintiff opposed the motion. He did not dispute the amended complaint was filed beyond the applicable two-year limitations periods. Plaintiff relied on 2022 amendments to the WDA and the SA, enacted prior to the filing of the original complaint. The amendments apply when a plaintiff qualified to be the administrator of an estate, but not yet so appointed, files a timely complaint on behalf of the estate. Under the amendments, a court may designate the plaintiff in that circumstance as administrator of the estate for purposes of the suit and permit the filing of amended pleadings that relate back to the original complaint. Plaintiff argued that, although he was appointed administrator before he filed the original complaint, the legislative intent of the amendments – that an administrator's incorrectly filed, but timely, complaint on behalf of an estate should preserve a timely filing date for relation back purposes – should apply to him. In addition, plaintiff argued the original complaint substantially complied with the applicable statutes of limitations.

On June 12, 2023, the court granted defendants' motion and dismissed the amended complaint with prejudice. In a written decision, the court found the original complaint was a nullity because plaintiff alleged claims on behalf of the estate in his individual capacity and without counsel. Thus, the court concluded the filing date of the amended complaint could not relate back to the original

7

complaint and the claims alleged in the amended complaint were untimely. The court concluded the plain language of the 2022 amendments to the WDA and SA were inapplicable to plaintiff because he was the administrator of decedent's estate at the time he filed the complaint.

In addition, the court found that even if the amended complaint related back to the filing date of the original complaint, the allegations in the amended complaint were barred by the immunity provided health care professionals and facilities from civil liability for injuries or death alleged to have been sustained as a result of an act or omission in the course of providing medical services in response to the COVID-19 pandemic. See Executive Order No. 112, ¶ 9, effective April 1, 2020, and L. 2020, c. 18, § 1(c)(1). The immunity, which is retroactive to March 9, 2020, does not apply to acts or omissions constituting a crime, actual fraud, actual malice, gross negligence, recklessness, or willful misconduct. L. 2020, c. 18, § 1(c)(1). The court concluded plaintiff alleged insufficient facts to establish gross negligence or any of the other exceptions to immunity.

The court also found the amended complaint did not allege acts sufficient to constitute an intentional wrongful act or motivation of defendants warranting punitive damages. Finally, the court concluded the amended complaint set forth

8

insufficient allegations to prove defendants intentionally or negligently subjected him or decedent to emotional distress sufficient to constitute tortious activity. The court did not address plaintiff's argument he substantially complied with the applicable statutes of limitations.

A June 13, 2023 order memorialized the motion court's decision.

This appeal followed. Plaintiff argues the motion court erred because: (1) the 2022 amendments to the WDA and SA make clear that a complaint alleging claims under those acts should not be dismissed on statute of limitations grounds when a timely, but insufficiently pled, complaint is filed by a plaintiff qualified to be the administrator of the estate; (2) the amended complaint should relate back to the filing date of the original complaint because plaintiff substantially complied with the statute of limitations; (3) if the amended complaint relates back to the filing date of the original complaint, plaintiff's allegations of gross negligence are sufficient to overcome a motion to dismiss on immunity grounds; and (4) plaintiff adequately pled his individual claims for intentional and negligent infliction of emotional distress and punitive damages.

II.

We apply a de novo standard of review to a trial court's order dismissing a complaint under Rule 4:6-2(e). See Stop & Shop Supermarkets Co. v. Cty. of

Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017) (quoting Teamsters Loc. 97 v. State, 434 N.J. Super. 393, 413 (App. Div. 2014)). Under the rule, we owe no deference to the motion judge's conclusions. Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011). "[O]ur inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). "The complaint must be searched thoroughly 'and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (quoting Printing Mart, 166 N.J. at 746). However, "[a] pleading should be dismissed if it states no basis for relief and discovery would not provide one." Rezem Fam. Assocs., 423 N.J. Super. at 113.

We agree with the motion court's conclusion that plaintiff did not have standing or authority to prosecute claims on behalf of decedent's estate in his individual capacity or in his fiduciary capacity without an attorney. Individual litigants generally do not have standing "to assert the rights of third parties." Stubaus v. Whitman, 339 N.J. Super. 38, 47-48 (App. Div. 2001). And, under our Court Rules, an individual who is not a licensed attorney in this State cannot

appear on behalf of a third party. See R. 1:21-1(a). Only "if the person . . . is a real party in interest to the action or the guardian of the party" can he or she appear pro se. R. 1:21-1(a)(4)(1). A "'[p]arty,' [is] the person or entity beneficially interested or personally sought to be held liable, not a nominal representative or fiduciary for such persons (with the exception of guardians of parties . . .)." Kasharian v. Wilentz, 93 N.J. Super. 479, 482 (App. Div. 1967).

Both a WDA action and an SA action are filed on behalf of third parties, not an individual plaintiff. A WDA action must "be brought in the name of an administrator ad prosequendum or administrator of the decedent for whose death damages are sought," or by an executor where the decedent's will has been probated, N.J.S.A. 2A:31-2(a), and any recovery belongs to the decedent's heirs, see N.J.S.A. 2A:31-4. On the other hand, the SA "preserves to the decedent's estate any personal cause of action that decedent would have had if he or she had survived." Smith v. Whitaker, 160 N.J. 221, 233 (1999). The statute permits only certain representatives "suing on behalf of [an] estate, to recover the damages [the] 'testator . . . would have had if [the testator] was living.'" Repko v. Our Lady of Lourdes Med. Ctr. Inc., 464 N.J. Super. 570, 577 (App. Div. 2020) (quoting N.J.S.A. 2A:15-3).

There is a significant difference between the two actions:

> The death statute gives to the personal representatives a cause of action beyond that which the deceased would have had if he had survived, and based upon a different principle, a new right of action. The recovery goes, not to the estate of the deceased person, but to certain designated persons or next of kin. In the recovery the executor or administrator as such has no interest; the fund is not liable to the debts of the deceased, nor is it subject to disposition by will, for the reason that the primary concern of the [WDA] is to provide for those who may have been the dependents of the deceased.
>
> . . . .
>
> [The SA] contemplates compensation to the deceased person's estate. It is in the interval between injury and death only that loss can accrue to the estate, and in that alone is the personal representative interested. . . . The damages for personal injury and the expense of care, nursing, medical attendance, hospital and other proper charges incident to an injury as well as the loss of earnings in the life of the deceased are the loss to his estate and not to [the surviving spouse or next of kin].
>
> [Kern v. Kogan, 93 N.J. Super. 459, 471-72 (Law Div. 1967) (citation omitted).]

When plaintiff filed the original complaint to vindicate any claim decedent had against defendants, he lacked the authority to do so in his individual capacity. See Stubaus, 339 N.J. Super. at 47. Under both the WDA and the SA, plaintiff had authority to file claims only if he did so in his capacity as administrator of decedent's estate. In addition, an individual acting as a

fiduciary or in another representative capacity, asserting claims for a decedent or an estate, cannot appear and prosecute the claim pro se. See R. 1:21-1(a); Kasharian, 93 N.J. Super. at 482; Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:21-1 (2025) ("[This] rule . . . prohibits [pro se] appearances by non-lawyer fiduciaries where the action involves another's beneficial interest.").

> [T]he philosophy of the decided cases is that nominal representatives or even active fiduciaries of the persons in beneficial interest, not themselves lawyers, should not be permitted to conduct legal proceedings in court involving the rights or liabilities of such persons without representation by attorneys duly qualified to practice law.
>
> [Pressler & Verniero, cmt. 1 on R. 1:21-1 (quoting Kasharian, 93 N.J. Super. at 482).]

As a result, the original complaint was a nullity.

Under these circumstances, there was no viable complaint for the amended complaint to relate back to under Rule 4:9-3. The Rule provides with respect to claims added in an amended pleading:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading.

[R. 4:9-3.]

With respect to amendments changing a party, the Rule states:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.
>
> [Ibid.]

"Rule 4:9-3's language, and the majority of cases applying it, address the typical setting in which a defendant has been misidentified in a prior pleading." Prime Acct. Dep't v. Twp. of Carney's Point, 212 N.J. 493, 513 (2013) (citing Avdel Corp. v. Mecure, 58 N.J. 264, 273-74 (1971); Carrino v. Novotny, 78 N.J. 355, 367 (1979)). "The Rule 'has also been applied to an amendment re-identifying the party making the claim provided all of the conditions of the rule are satisfied.'" Ibid. (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 4:9-3 (2012)); see also Siligato v. State, 268 N.J. Super. 21, 28-29 (App. Div. 1993).

14

Here, however, the amended complaint cannot relate back to correct plaintiff's failure to plead the original complaint in his role as a fiduciary because the original complaint was a nullity.  See Repko, 464 N.J. Super. at 574 (holding the relation back rule does not operate to permit amendment of a complaint to substitute plaintiff's estate for plaintiff, who was deceased at the time the complaint was filed, because the original complaint was a nullity).  In addition, plaintiff's failure to be represented by counsel when the original complaint was filed cannot be cured by his retention of counsel to file the amended complaint.

We also conclude the 2022 amendments to the WDA and SA are not applicable here.  N.J.S.A. 2A:31-2, a provision of the WDA, was amended, effective January 18, 2022, as follows, with the added provisions underlined:

> a.     Every action commenced under this chapter shall be brought in the name of an administrator ad prosequendum or administrator of the decedent for whose death damages are sought, except where decedent dies testate and his will is probated, in which event the executor named in the will and qualifying, or the administrator with the will annexed, as the case may be, shall bring the action.
>
> b.     In the case of a plaintiff who is qualified for appointment as administrator ad prosequendum, executor, or administrator with the will annexed, as the case may be, but who was not yet appointed as such at the time the plaintiff commenced an action under this

15

chapter, the court may allow the plaintiff to be designated administrator ad prosequendum, executor, or administrator with the will annexed, as the case may be, and to allow the plaintiff to amend pleadings nunc pro tunc relating back to the plaintiff's first filed pleading to reflect the designation.

[L. 2021, c. 481, § 2.]

N.J.S.A. 2A:15-3, a provision of the SA, was also amended by L. 2021, c. 481, § 2, effective January 18, 2022, as follows, with the added provisions underlined, and deleted language stricken out:

a. (1) Executors and, administrators, and administrators prosequendum may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser, and recover their damages as their testator or intestate would have had if he was living. In those actions based upon the wrongful act, neglect, or default of another, where death resulted from injuries for which the deceased would have had a cause of action if he had lived, the executor or, administrator, or administrator ad prosequendum may recover all reasonable funeral and burial expenses in addition to damages accrued during the lifetime of the deceased.

(2) In the case of a plaintiff qualified for appointment as administrator who was not yet appointed administrator at the time the plaintiff commenced an action under this section, the court may allow the plaintiff to be designated administrator for the purposes of this section and to allow the plaintiff to amend pleadings nunc pro tunc relating back to the plaintiff's first filed pleading to reflect the designation.

. . . .

It is well settled that the primary purpose of "statutory interpretation is to determine and 'effectuate the Legislature's intent.'" State v. Rivastineo, 447 N.J. Super. 526, 529 (App. Div. 2016) (quoting State v. Shelley, 205 N.J. 320, 323 (2011)). We start by considering "the plain 'language of the statute, giving the terms used therein their ordinary and accepted meaning.'" Ibid. (quoting Shelley, 205 N.J. at 323). Where "the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." Ibid. (quoting Shelley, 205 N.J. at 323). We do "not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" Id. at 529-530 (alternation in original) (quoting Marino v. Marino, 200 N.J. 315, 329 (2009)).

The plain language of the 2022 amendments indicate their provisions apply when "a plaintiff who is qualified for appointment as administrator" but "who was not yet appointed" to that position files a WDA or SA action on behalf of an estate. That did not happen here. Plaintiff had been appointed administrator of decedent's estate when he filed a complaint in his individual capacity, purporting to allege WDA and SA claims.

In addition, the 2022 amendments provide that a plaintiff who qualifies as administrator but has not been appointed to that position can be considered by the court as administrator for purposes of the WDA and SA claims and given leave to amend the pleadings to identify themselves in their fiduciary roles. L. 2021, c. 481, § 2. Even if those portions of the 2022 amendments were interpreted to apply to plaintiff, the 2022 amendments do not address plaintiff's failure to be represented by counsel when he filed the original complaint on behalf of the estate. That defect also rendered the original complaint a nullity and cannot be corrected by an amended complaint identifying plaintiff as administrator of decedent's estate.

We also are not persuaded by plaintiff's argument he substantially complied with the statutes of limitations when he filed the original complaint. Substantial compliance "allows for the flexible application of a statute in appropriate circumstances." Negron v. Llarena, 156 N.J. 296, 304 (1998). The purpose of the doctrine is to "avoid technical defeats" resulting in the dismissal of otherwise valid claims on timeliness grounds. Id. at 305 (quoting Cornblatt v. Barow, 153 N.J. 218, 239 (1998)). To benefit from the doctrine, a plaintiff bears the burden of demonstrating:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute

involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not a strict compliance with the statute.

[Ibid.]

The substantial compliance test is stringent and is to be applied sparingly. See Leake v. Bullock, 104 N.J. Super. 309, 312-13 (App. Div. 1969).

We have considered the record and conclude application of the substantial compliance doctrine is not warranted. Plaintiff did not take a series of steps to comply with the WDA and SA or demonstrate general compliance with those statutes. Both statutes require claims to be filed by an estate administrator or other fiduciary and do not permit a decedent's survivor to seek damages in his individual capacity. In addition, plaintiff does not provide a reasonable explanation for failing to obtain counsel and file the original complaint in his capacity as an administrator. In fact, he provides no explanation for those lapses.

In light of our affirmance of the June 12, 2023 order dismissing the amended complaint on statute of limitations grounds, we need not consider the parties' arguments with respect to the substantive validity of the allegations in the amended complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

19

A-3401-22